* The Honorable Robert H. Whaley, United States District Judge for the Eastern District

Homeland Security, San Francisco, CA, for Respondent

Before: SCHROEDER and TALLMAN, Circuit Judges, and WHALEY,* District Judge.

ORDER

The court has considered the Respondent's motion to amend, Dkt. No. 83, and the Petitioner's opposition, Dkt. No. 84. The Respondent's Motion to Amend Opinion is GRANTED in part and DENIED in part.

The memorandum disposition filed on October 20, 2017 is amended as follows:

Replace the text on p. 2, line 19 and p. 3, lines 1-2 with the following:

Ms. Korzhina's petition for review of the BIA's denial of her motion to reopen is GRANTED, and we remand on an open record to allow the agency to resolve the application in light of current country conditions.

The Respondent's motion to amend is otherwise DENIED.

**Al MCZEAL; Vien-Phuong Thi Ho, Plaintiffs-Appellants,**

v.

**GB INLAND PROPERTIES II, LLC; et al., Defendants-Appellees.**

**No. 12-56750**

United States Court of Appeals, Ninth Circuit.

of Washington, sitting by designation.

Submitted December 18, 2017 *

Filed December 21, 2017

Al McZeal, Pro Se

Vien-Phuong Thi Ho, Pro Se

John E. Bouzane, Esquire, John E. Bouzane Law Office, San Bernardino, CA, for Defendants-Appellees

Before: WALLACE, SILVERMAN, and BYBEE, Circuit Judges.

## MEMORANDUM **

Al McZeal and Vien-Phuong Thi Ho appeal pro se from the district court's order denying their motion for reconsideration of the district court's dismissal of their action alleging federal and state law claims in connection with unlawful detainer proceedings in state court. We have jurisdiction under 28 U.S.C. § 1291. We review for an abuse of discretion. *Sch. Dist. No. 1J, Multnomah Cty., Or. v. ACandS, Inc.*, 5 F.3d 1255, 1262 (9th Cir. 1993). We affirm.

The district court did not abuse its discretion by denying appellants' motion for reconsideration because appellants failed to establish any basis for such relief. *See id.* at 1262-63 (setting forth grounds for reconsideration under Fed. R. Civ. P. 60(b)).

The district court did not abuse its discretion by denying appellants' motion to strike defendants' motions to dismiss because appellants failed to show how they were prejudiced by defendants' technical non-compliance with the local rules. *See El Pollo Loco, Inc. v. Hashim*, 316 F.3d 1032,

1038, 1041 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion by taking judicial notice of publicly recorded documents. *See* Fed. R. Evid. 201(b)(2); *United States v. Woods*, 335 F.3d 993, 1000-01 (9th Cir. 2003) (setting forth standard of review).

The district court did not abuse its discretion by dismissing the action without leave to amend because further amendment would be futile. *See Cervantes v. Countrywide Home Loans, Inc.*, 656 F.3d 1034, 1041 (9th Cir. 2011) (setting forth standard of review and explaining that dismissal without leave to amend is proper when amendment would be futile).

We do not consider matters not specifically and distinctly raised and argued in the opening brief. *See Padgett v. Wright*, 587 F.3d 983, 985 n.2 (9th Cir. 2009).

**AFFIRMED.**

---

\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

\*\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.